Nathan E. DeLadurantey (SBN: 244190)
nathan@dela-law.com
Heidi N. Miller (SBN: 277791)
heidi@dela-law.com
**DeLadurantey Law Office, LLC**
735 W. Wisconsin Ave., Suite 720
Milwaukee, WI 53233
Telephone: (414) 377-0515
Facsimile: (414) 755-0860

Attorneys for Plaintiff
Desiree Valdez

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| DESIREE VALDEZ, PLAINTIFF, v. Enhanced Recovery Company, LLC DEFENDANT. | **Case No.:** 14-cv-3241_____ <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> **(Unlawful Debt Collection Practices)** <br><br> **Demand does not Exceed $10,000** |
|---|---|

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.[1]

//

---

[1] 15 U.S.C. 1692(a)-(e)

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[2]

3. DESIREE VALDEZ, (hereinafter "Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of ENHANCED RECOVERY COMPANY, LLC, (hereinafter "Defendant Enhanced Recovery"), with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect an debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. For the purposes of this Verified Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant(s) named in this caption.

### JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.

6. This action arises out of Defendants' violations of the following: the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

7. Because Defendants do business within the State of California, personal jurisdiction is established.

---

[2] `Cal. Civ. Code 1788.1 (a)-(b)`

8. Venue is proper pursuant to 28 U.S.C. § 1391.

**PARTIES**

9. Plaintiff is a natural person who resides in the City of North Hollywood, County of Los Angeles, State of California and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which is alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

11. Plaintiff is informed and believes, and thereon alleges, that Defendant Enhanced Recovery is a company operating from the City of Jacksonville, County of Duval, State of Florida.

12. Plaintiff is informed and believes, and thereon alleges, that Defendants are persons who use an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

13. Plaintiff is informed and believes, and thereon alleges, that Defendants are not attorneys or counselors at law and are persons who, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and are "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

14. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

//

## FACTUAL ALLEGATIONS

15. At all times relevant, Plaintiff was an individual residing within the State of California.
16. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant Enhanced Recovery conducted business in the State of California.
17. In February, 2014, Plaintiff applied for a credit card through Citi Financial.
18. She received notice later that month that her application was denied.
19. On March 4, 2014, in response to her credit denial, Plaintiff obtained a copy of a tri-merge credit report.
20. On this credit report, Defendant Enhanced Recovery was reporting a $620 account with a "Collection/Charge-Off" status from "TMOBILE" to each of the three major credit bureaus.
21. Plaintiff does not owe $620 to "TMOBILE."
22. The alleged financial obligations to "TMOBLIE" and thereafter Defendant Enhanced Recovery were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).
23. This alleged financial obligation was for a cell phone, which would be considered a personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).
24. Additionally, Plaintiff believes she was told that the debt in question was either from 2004 or 2005, which is past the statute of limitations in California under California Civil Code §337.
25. Furthermore, under 47 U.S.C. §415(a), a "common carrier" (defined in 47 U.S.C. §153(11)) has a two year statute of limitations, and as a cell phone

debt, this debt falls under the "common carrier" definition.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(8), 1692e(10), 1692f, 1692f(1), with respect to the Plaintiff.

28. Under 15 U.S.C. § 1692e(8), a debt collector cannot use "false, deceptive, or misleading representations" in the form of "communicating or threatening to communicate to any person credit information which is known or which should be known to be false."

29. Specifically, the Defendant cannot communicate false credit information, which they did by reporting an account that the Plaintiff did not owe.

30. Additionally, the Plaintiff believes that the statute of limitations had run on this debt, making the Defendant's collection actions deceptive and false.

31. Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### §§ 1788-1788.32 (RFDCPA)

32. Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

33. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the RFDCPA.

34. Specifically, California Civil Code § 1788.17 incorporates the portions of the 15 U.S.C. § 1692, the violation of which was discussed *supra* under Count I.

35. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

### FAIR DEBT COLLECTION PRACTICES ACT

- an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from Defendant;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from Defendant;
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

- an award of actual damages pursuant to California Civil Code § 1788.30(a) in an amount to be adduced at trial, from Defendant;
- an award of statutory damages of $1,000.00, pursuant to California Civil Code § 1788.30(b), from Defendant;
- an award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c), from Defendant.

### TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of

1  America, Plaintiff is entitled to, and demands, a trial by jury.

2  Dated: April 28, 2014_____		Respectfully submitted,
						**DeLadurantey Law Office, LLC**

						By: s/ Nathan E. DeLadurantey
						  **Nathan E. DeLadurantey**
						  **Heidi N. Miller**
						  Attorneys for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA          )
                             ) ss
COUNTY OF _____     )

Plaintiff Desiree Valdez, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Desiree Valdez

Subscribed and sworn to before me
this _____ day of _____, 2014.

**SEE ATTACHED**

_____
Notary Public
My commission expires:

# CALIFORNIA JURAT WITH AFFIANT STATEMENT
## GOVERNMENT CODE § 8202

☐ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–6 to be completed only by document signer[s], *not* Notary)

1 _____
2 _____
3 _____
4 _____
5 _____
6 _____

Signature of Document Signer No. 1        Signature of Document Signer No. 2 (if any)

State of California
County of **Los Anheles**

Subscribed and sworn to (or affirmed) before me on this **22nd** day of **April**, 20**14**,
by
(1) **Desiree Valdez**
(2) **NA**
Name(s) of Signer(s)

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____ Signature of Notary Public

[Notary Seal: RAMNIK SINGH, COMM. 1937079, NOTARY PUBLIC-CALIFORNIA, LOS ANGELES COUNTY, My Comm. Expires May 19, 2015]

Place Notary Seal Above

——— OPTIONAL ———

Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.

**Description of Attached Document**

Title or Type of Document: **VERIFICATION OF COMPLAINT & CERTIFICAT**
Document Date: **04/22/14**        Number of Pages: **1**
Signer(s) Other Than Named Above: **NA**

© 2013 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)    Item #5910